**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 21, 2007**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-41180
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL ROBERT WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(USDC No. 1:05-CR-127-ALL)

_____

Before REAVLEY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Daniel Robert White appeals the district court's denial of his motion to suppress

evidence that officers found in a search of White's home after White, under custodial arrest

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

following a traffic stop that revealed drugs, consented to the search. We affirm for the following reasons:

1.  We will not disturb the district court's credibility finding with respect to the officers' testimony of an ongoing investigation into White's suspected drug trafficking. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005) ("this court reviews factual findings, including credibility choices, for clear error . . . Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses.").

2.  Viewed as a drug investigation, the brief detention necessary to satisfy a canine's olfactory curiosity was not unreasonable. *United States v. Brigham*, 382 F.3d 500, 511 (5th Cir. 2004) (en banc) ("There is, however, no constitutional stopwatch on traffic stops. Instead, the relevant question in assessing whether a detention extends beyond a reasonable duration is whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly.") (internal quotation omitted). The officers testified at the suppression hearing that when White's visitors began to disperse from his house, Deputy Ungles was instructed to follow White's truck and establish probable cause if possible. Ungles did just that, and when Ungles determined that White was in fact in the truck, Deputies McCowen and McNeely arrived at the scene with the canine. Regardless of the precise order

2

of the return of the computer checks and the request for consent to search—which when denied led the officers to walk the canine around the truck—the record is clear that any residual delay was far short of what we could call unreasonable in light of the officers' ongoing investigation into suspected drug trafficking.

3. There being no constitutional violation in the course of the traffic stop, the subsequent search of White's home was not tainted.

AFFIRMED.